UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       )
555 4th Street, N.W.            )
Washington, D.C. 20530          )
                                )
        Plaintiff,              )
                                )
    v.                          )        Civil No. 13-cv-1455
                                )
THE CFP GROUP, INC.             )
1401 Chain Bridge Rd., Suite 300 )
Mclean, Virginia 22101          )
                                )
and                             )
                                )
ROBERTO CLARK,                  )
1401 Chain Bridge Rd., Suite 300 )
Mclean, Virginia 22101          )
                                )
        Defendants.             )
                                )

## UNITED STATES' COMPLAINT

### Introduction

1.      This is an action to enforce a settlement agreement between the United

States and Defendants The CFP Group, Inc. and Roberto Clark.

2.      The November 9, 2010 Settlement Agreement required the Defendants to

make an initial payment of $25,000, followed by quarterly payments for over three years,

according to the payment schedule contained in the agreement.

3.      The Defendants are in default for the payment that was due on August 1,

2013, and they have not made any express overtures to make any of the remaining

payments.

**The Parties**

4.      The plaintiff is the United States of America.

5.      Defendant The CFP Group, Inc. ("CFP Group") is a fire protection engineering and construction firm with offices in Virginia, Delaware, and Texas.  Its main office is at 1401 Chain Bridge Rd., Suite 300, McLean, VA 22101.

6.      Defendant Roberto Clark is and was at all relevant times the sole owner and president of CFP Group.  He lives in Frederick, Maryland.

**Jurisdiction and Venue**

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

8.      This Court may exercise personal jurisdiction over Defendant CFP Group because it expressly consented in the Settlement Agreement to the jurisdiction of this Court, and because the Settlement Agreement was negotiated in the District of Columbia, and was signed by CFP Group's attorney while in the District of Columbia.

9.      This Court may exercise personal jurisdiction over Defendant Roberto Clark because he expressly consented in the Settlement Agreement to jurisdiction in this Court, and because the Settlement Agreement was negotiated in the District of Columbia, and was signed by Clark's attorney while in the District of Columbia.

10.      Venue is proper in the District of Columbia because the Defendants expressly consented in the Settlement Agreement to venue in this Court, and because a substantial part of the actions or omissions giving rise to the claim occurred in this District.

## Facts

**I.      Breach of August 1, 2013 Payment Obligation**

11.      On November 9, 2010, the parties entered into the Settlement Agreement attached to this Complaint as Exhibit 1.

12.      The Settlement Agreement required the Defendants to make payments according to a payment schedule, which required an up-front payment of $25,000, followed by payments of $8,298.34 every three months, beginning on February 1, 2011, and ending on November 3, 2014.  Exh. 1 at 13 ("Exhibit A: Payment Schedule.")

13.      Pertinent to this action, the Settlement Agreement required the Defendants to pay to the United States $8,298.34 on or before August 1, 2013.  Exh. 1 at 13.

14.      The Settlement Agreement also requires the Defendants to make payments of $8,298.34 each on November 1, 2013, February 3, 2014, May 1, 2014, August 1, 2014, and November 3, 2014.  Exh. 1 at 13.

15.      The Settlement Agreement requires the Defendants to pay interest at a rate of 2.875% per annum on any unpaid balance.  Exh. 1 at 2, ¶ 1.

16.      The Defendants have not paid the payment due on August 1, 2013.

17.      On or about July 31, 2013, CFP Group sent Check No. 1123 to the United States for $8,298.34.

18.      On or about August 19, 2013, Check No. 1123 was returned for insufficient funds.

19.      On August 19, 2013, the United States notified the Defendants' attorney that Check No. 1123 was returned for insufficient funds.  Exh. 2 at 2-3.

20.     On August 26, 2013, the Defendants' attorney informed the United States, by email, that he had still not received a response from the Defendants regarding the returned check.  Exh. 2 at 1.

21.     On August 30, the Defendants' attorney stated that he had "followed-up with CFP by contacting Roberto Clark near-immediately upon receipt of each of [the government's] emails.  I have not received a response from him."  Exh. 3 at 1.

22      Defendants have not provided a valid check or any other valid payment to fulfill their payment obligations for the payment due on August 1, 2013.

23.     Accordingly, Defendants have defaulted on their August 1, 2013 payment under the Settlement Agreement.

## II.     Anticipatory Breach of Future Payments

24.     On September 3, 2013, the United States sent a letter by email directly to Defendant Roberto Clark inquiring about future performance under the contract.  Exh. 4.[1]

25.     The letter stated:

> We consider your bounced check, your failure to remit a valid check, and your failure to respond to the United States' communications to mean that you do not intend to pay your August 1, 2013 payment nor any of the remaining payments under the settlement agreement.  Accordingly, we intend to enforce the settlement by obtaining authority to file suit, which may include a complaint seeking a judgment for the entire balance remaining on the settlement.

Exh. 4 at 2.

---

1.     The Defendants' attorney had terminated his representation of the Defendants on August 30, 2013.  Exh. 3 at 1.

26.     The letter further requested payment and an adequate assurance of future

performance:

> The United States will refrain from enforcement if, within 5 days, you
> deliver (that is, we actually receive within 5 days) valid payment for the
> August 1, 2013 payment, and an express assurance by you that you intend
> to make the remaining payments under your settlement agreement.  My
> address is 601 D St. NW, Rm. 9024, Washington, D.C. 20579.

27.     A paper copy of the same letter was also sent by Federal Express to

Defendant Clark on September 3, 2013, and delivered on September 4, 2013.  Exh. 5

(Federal Express delivery receipt).

28.     On September 4, 2012, Mr. Clark sent an email to undersigned counsel,

which stated: "I am in receipt of your letter and a check will be delivered this week."

Exh. 6.

29.     On Friday, September 6, 2013, Mr. Clark called undersigned counsel to

say that a check would be delivered no later than Tuesday, September 10, 2013.

30.     Neither Defendant Clark nor CFP Group had delivered a check by

September 10.

31.     On Friday, September 13, the United States sent a letter to Mr. Clark by

email and by Federal Express, stating that we had not received the promised payment,

and that a complaint would be filed in court no later than September 24, 2013.  Exh. 7 at

3.

32.     The United States received an email receipt indicating that the sent email

was read on September 13, 2013 at 11:10 AM.  Exh. 8.

33.     The letter was also delivered by Federal Express on September 16, 2013.

Exh. 9 (Federal Express delivery receipt).

34.     To date, Defendants have neither provided payment nor responded to the United States' September 13, 2013 letter.

35.     Because the Defendants have failed to provide the required payment and failed to provide adequate assurance of future performance, they are in breach of the Settlement Agreement for the August 1, 2013 payment and have anticipatorily breached the Settlement Agreement as to the remaining future payments.

### Count I: Breach of Contract
(present material breach)

36.     Paragraphs 1 through 35 are realleged as though fully set forth herein.

37.     By reason of the foregoing conduct, the Defendants breached their Settlement Agreement with the United States by defaulting on their August 1, 2013 payment of $8,298.34.

38.     By reason of the breach of Settlement Agreement, the United States has sustained damages of $8,298.34, plus accrued interest at a rate of 2.875% per annum.

### Count II: Breach of Contract
(anticipatory material breach)

39.     Paragraphs 1 through 35 are realleged as though fully set forth herein.

40.     By reason of the foregoing conduct, the Defendants anticipatorily breached their Settlement Agreement with the United States by refusing to make the future payments required under the Settlement Agreement.

41.     By reason of the breach of Settlement Agreement, the United States has sustained damages of $40,611.82, plus accrued interest at a rate of 2.875% per annum.

## PRAYER FOR RELIEF

42.     WHEREFORE, Plaintiff, the United States, demands judgment against defendants jointly and severally as follows:

A.     Under Count I, for $8,298.34, plus interest at a rate of 2.875% per annum.

B.     Under Count II, for $40,611.82, plus interest at a rate of 2.875% per annum.

C.     Such other relief as this Court may deem just and proper, together with interest and costs of this action.

Respectfully submitted,


STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN Jr., D.C. Bar No. 447889
UNITED STATES ATTORNEY


DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division


 s/ Rhonda L. Campbell
RHONDA L. CAMPBELL
Assistant United States Attorney
D.C. Bar No. 462402
United States Attorney's Office for the
District of Columbia
555 4th St. N.W., Room E4412
Washington, D.C. 20530
(202) 252-2559
rhonda.campbell@usdoj.gov


 s/ Jonathan H. Gold
MICHAEL D. GRANSTON
RENÉE BROOKER
JONATHAN H. GOLD
Attorneys, Civil Division
Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 353-7123
Jonathan.gold@usdoj.gov


September 24, 2013